IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| KIZZI L. BRAGG, | ) |
|                   Plaintiff, | ) |
| v. | ) No. 2:20-CV-04257-WJE |
| KILOLO KIJAKAZI, | ) |
|   Acting Commissioner of Social Security, | ) |
|                   Defendant. | ) |

## ORDER

Plaintiff Kizzi L. Bragg seeks judicial review[1] of a final administrative decision of the Acting Commissioner of Social Security ("Acting Commissioner") denying her claim for supplemental security income ("SSI") under Title XVI of the Social Security Act ("SSA") under 42 U.S.C. §§ 1382–1385. Administrative Law Judge Carol L. Boorday ("ALJ") found that although Ms. Bragg had several severe and non-severe impairments, she retained the residual functional capacity ("RFC") to perform light work with some limitations. After carefully reviewing the record and the parties' arguments, the Court finds the ALJ's opinion is supported by substantial evidence on the record as a whole. Therefore, the Acting Commissioner's decision is AFFIRMED.

### I. Background

Ms. Bragg protectively filed a claim for SSI on November 1, 2018, alleging an amended disability onset date on the same date, due to bipolar disorder, anxiety disorders, major depression, memory problems, insomnia, grogginess, post-traumatic stress disorder, panic attacks, and

---

[1] With the consent of the parties, this case was assigned to a United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(c).

stuttering. (AR 12, 214). Her claim was initially denied on February 8, 2019. (*Id.* 12). She filed a written request for hearing, which was held on March 19, 2020. (*Id.*).

On June 17, 2020, the ALJ denied Ms. Bragg's claim. (*Id.* 9-25). The ALJ determined that although Ms. Bragg had severe impairments, none of them met or exceeded a listed impairment. (*Id.* 14-17). She also determined that Ms. Bragg had an RFC to perform light work with certain limitations, including:

> [She] can never climb ladders, ropes, or scaffolds; can occasionally climb ramps or stairs; can occasionally stoop, kneel, crouch, or crawl; must avoid concentrated exposure to extreme cold, vibration, or work hazards, such as unprotected heights or being around dangerous moving machinery; can understand, remember and carry out simple instructions consistent with unskilled work; can perform only simple decision[ ]making related to basic work functions; can tolerate only minor, infrequent changes within the workplace; and can tolerate no more than occasional interaction with co-workers and supervisors but in small numbers and for short periods, with no tandem tasks and work is done relatively independently with minimal, superficial interaction with the general public.

(*Id.* 17-18). During the hearing on March 19, 2020, the ALJ asked a vocational expert ("VE") whether a hypothetical individual with Ms. Bragg's age, education, and work experience, along with the RFC identified above, would be capable of working. (*Id.* 24, 60-61). The VE testified that such an individual could perform work as a marking clerk, router, or collator operator. (*Id.* 24, 61).

Following the ALJ's decision, Ms. Bragg filed an appeal with the Appeals Council. (*Id.* 182-84). The Appeals Council denied her request for review, leaving the ALJ's decision as the final decision of the Acting Commissioner. (*Id.* 1-5). Because Ms. Bragg has exhausted all administrative remedies, judicial review is now appropriate under 42 U.S.C. § 1383(c)(3).

## II. Disability Determination and the Burden of Proof

The burden of establishing a disability as defined by the SSA in 42 U.S.C. § 1382c(a) rests on the claimant. *Kirby v. Astrue*, 500 F.3d 705, 707-08 (8th Cir. 2007). The SSA has established a

five-step, sequential evaluation process for appraising whether a claimant is disabled and benefit-eligible. 20 C.F.R. § 416.920(a)(4); *see Sloan v. Saul*, 933 F.3d 946, 949 (8th Cir. 2019). The Commissioner must evaluate:

> (1) whether the claimant is presently engaged in a substantial gainful activity;
> (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities;
> (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations;
> (4) whether the claimant has the residual functional capacity to perform his or her past relevant work; and
> (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform.

*Dixon v. Barnhart*, 353 F.3d 602, 605 (8th Cir. 2003) (citation omitted); *see Perks v. Astrue*, 687 F.3d 1086, 1091-92 (8th Cir. 2012) (citation omitted).

### III. Standard of Review

The Eighth Circuit requires the reviewing court to "determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole." *Baker v. Barnhart*, 457 F.3d 882, 892 (8th Cir. 2006) (quotation omitted). "Substantial evidence is less than a preponderance [of the evidence]," in that it merely requires that a reasonable person find the evidence adequate to support the Commissioner's decision. *Id.* (quotation omitted); *see also Cox v. Barnhart*, 345 F.3d 606, 608 (8th Cir. 2003).

The reviewing court must "defer heavily" to the Commissioner's findings and conclusions. *Wright v. Colvin*, 789 F.3d 847, 852 (8th Cir. 2015); *see also Biestek v. Berryhill*, 139 S. Ct. 1148, 1157 (2019) (noting the substantial evidence standard of review "defers to the presiding ALJ, who has seen the hearing up close"). The court may reverse the Commissioner's decision only if it falls outside of the available zone of choice; a decision is not outside this zone simply because the evidence also points to an alternate outcome. *Buckner v. Astrue,* 646 F.3d 549, 556 (8th Cir. 2011).

## IV. Discussion

Ms. Bragg raises one issue in her appeal before the Court. She argues that the ALJ did not properly consider various medical opinions regarding Ms. Bragg's mental limitations. (*See* Doc. 26 at 17-21). The Court finds that substantial evidence supports the ALJ's RFC decision because the ALJ properly considered the medical opinions of Dr. Melinda Hecker, Nurse Practitioner Glenn Breitzig, and Licensed Professional Counselor Lora Rooker. Accordingly, this Court affirms.

"It is the ALJ's function to resolve conflicts among the opinions of various treating and examining physicians." *Pearsall v. Massanari*, 274 F.3d 1211, 1219 (8th Cir. 2001) (citations omitted). "A medical opinion is a statement from a medical source about what [the claimant] can still do despite [her] impairment(s) and whether [she] ha[s] one or more impairment-related limitations or restrictions in the abilities listed . . . [in] this section." 20 C.F.R. § 416.913(a)(2). For claims filed on or after March 17, 2017, the ALJ must evaluate medical opinions according to 20 C.F.R. § 416.920c(c). An ALJ must determine the persuasiveness of medical opinions based on five factors:

> (1) supportability of the opinion with relevant objective medical evidence and supporting explanations;
> (2) consistency with the evidence from other medical sources and nonmedical sources in the claim;
> (3) relationship with the claimant, including length, purpose, and extent of treatment relationship, whether it is an examining source, and frequency of examination;
> (4) specialization; and
> (5) other relevant factors.

*McCoy v. Saul*, No. 4:19-CV-00704-NKL, 2020 WL 3412234, at *2 (W.D. Mo. June 22, 2020) (citation omitted). The medical opinion's supportability and consistency are "the most important factors" when determining the persuasiveness of the medical opinion. 20 C.F.R. § 416.920c(b)(2). So the ALJ must explain how she considered these two factors, but she is not required to explain

how she considered the other factors. *Id.*

Here, the ALJ properly evaluated Dr. Hecker's and Nurse Breitzig's medical opinions because the ALJ explicitly addressed the supportability and consistency of those opinions. The ALJ found that Dr. Hecker's opinions lacked persuasiveness because her "opinions consist[ed] of standardized, check-the-box forms or short narrative statement[s] in which she failed to provide supporting reasoning or clinical findings, which reduce[d] the supportability of her opinions." (AR 22). She also stated that Ms. Bragg's stable, conservative treatment did not support Dr. Hecker's opinions. (*Id.*). The ALJ reasoned that Dr. Hecker's opinions were not "fully consistent with the other medical evidence of record" because "the record reflect[ed] a stable pattern of treatment . . . that . . . support[ed] the limitations in the determined [RFC]." (*Id.*). The ALJ also found that Nurse Breitzig's opinions had limited persuasiveness. (*Id.* 23). The ALJ similarly stated that Nurse Breitzig's opinions "consist[ed] of standardized, check-the-box form[s] in which he failed to provide supporting reasoning or clinical findings, which reduce[d] the supportability of his opinions." (*Id.*). The ALJ further found that Nurse Breitzig's opinions were not "fully consistent with the other medical evidence" because "the record reflects a stable pattern of treatment and minimally supportive mental status examinations that would support the limitations in the determined [RFC]." (*Id.*). Thus, this Court finds that the ALJ properly considered Dr. Hecker's and Nurse Breitzig's opinions. *See McCoy*, 2020 WL 3412234, at *4 (citing *Wildman v. Astrue*, 596 F.3d 959, 964 (8th Cir. 2010)).

The ALJ did not err by not addressing Ms. Rooker's opinion. Ms. Rooker did not opine on how Ms. Bragg's mental limitations impacted her ability to do work-related activities. (AR 552-54). She left that portion of the form blank, and wrote, "I am not qualified to assess [this]." (*Id.* 552). Since a medical opinion is defined as "a statement from a medical source about what [the

claimant] can still do despite [her] impairment(s)," Ms. Rooker's opinion does not qualify. 20 C.F.R. § 416.913(a)(2). The ALJ did not err by not addressing Ms. Rooker's statement because the ALJ is "not required to articulate how [she] considered evidence from nonmedical sources using the [five factors listed in 20 C.F.R. § 416.920c]," 20 C.F.R. § 416.920c(d). For these reasons, the Court finds that the ALJ properly considered the various medical opinions.

## V. Conclusion

For the reasons set forth herein, the Court finds that the Acting Commissioner's determination that Ms. Bragg was not disabled is supported by substantial evidence in the record. Judgment shall be entered in accordance with this Order.

Accordingly,

IT IS, THEREFORE, ORDERED that the decision of the Acting Commissioner is affirmed as set forth herein.

Dated this 6th day of June, 2022, at Jefferson City, Missouri.

*Willie J. Epps, Jr.*

Willie J. Epps, Jr.
United States Magistrate Judge